**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | CR. No. C-09-582 |
| v. | § | (C.A. No. C-12-48) |
| | § | |
| MANDEEP SINGH, | § | |
| | § | |
| Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO
VACATE, SET ASIDE OR CORRECT SENTENCE**

Pending before the Court is Mandeep Singh's (Singh) motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 76.[1] The government responded to the motion. D.E. 81. Singh did not file a reply. The Court set the matter for hearing, which after several continuances, was heard on December 13, 2012. For the reasons set forth in this Order, the Court grants Singh's motion to vacate and vacates Singh's sentence. Singh was resentenced on December 13, 2012.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

---

[1] Docket entries refer to the criminal case.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Singh was arrested at the Falfurrias, Texas Border Patrol Checkpoint after marijuana was discovered in the trailer of the tractor trailer he was driving. D.E. 63 at 34. Singh was convicted after a jury trial held in October 2009. D.E. 48. The Court ordered preparation of a Presentence Investigation Report. D.E. 48.

The Probation Department prepared the PSR. D.E. 15. Probation calculated Singh's base level offense at 30 based upon 899.2 kilograms net weight of marijuana found in his trailer. D.E. 50 at ¶ 17. Two points were added for obstruction of justice based upon false testimony during his trial. Id. at ¶ 21. His total offense level was 32. Id. at ¶ 24. Singh had no previous criminal history. Id. at ¶ 29. His sentencing range was 121 to 151 months, with a statutory minimum sentence of 5 years. Id. at ¶¶ 41-42. No objections were filed to the PSR. D.E. 52.

At sentencing, Singh testified that he had received a copy of the PSR. D.E. 69 at 3. When asked if someone had read it to him in Punjabi, Singh responded that he read it himself in English and understood it. Id. at 4. When questioned further by the Court, Singh testified that he read it in English, but did not understand all of it because his English was limited. Id. at 4. He testified that when communicating with his attorney, sometimes his cousin would translate for him. Id. at 4-5. The Court then recessed for counsel and Singh to go over the PSR further. Id. at 7-8.

When Court resumed, counsel advised the Court that he and Singh communicated in English with no difficulties. Id. at 8-9. During trial, they had no problems communicating,

according to counsel. Id.  Singh then testified that he and counsel had communicated well in English and denied that he needed the PSR read to him in Punjabi by the interpreter. Id. at 9-10.

> 12 THE COURT: Now, Mr. Singh, you've heard me ask your
> 13 attorney questions.
> 14 Do you agree or disagree with what your attorney has
> 15 told me about your language abilities?
> 16 THE DEFENDANT: Yes, I agree. Yes, I agree.
> 17 THE COURT: And have you been able to understand
> 18 during the trial everything that occurred?
> 19 THE DEFENDANT: Yes.
> 20 THE COURT: And have you been able to communicate
> 21 with your attorney in English?
> 22 THE DEFENDANT: Yes.
> 23 THE COURT: Do you need to have the PSI read to you
> 24 in Punjabi?
> 25 THE DEFENDANT: No, I do understand it completely
> 1 now.
> 2 THE COURT: I'm sorry?
> 3 THE DEFENDANT: No, I do understand it completely
> 4 now.

Id.

Singh  was sentenced in February 2010 to 124 months in the custody of the Bureau of Prisons, five years supervised release, $1000 fine, and a $100 special assessment for Possession With Intent to Distribute 899.2 Kilograms of Marijuana. D.E.  54. 69 at 16-17.

Singh appealed his conviction and sentence to the Fifth Circuit Court of Appeals which affirmed the judgment in December 2010. D.E. 75. In February 2012, Singh filed his timely motion to vacate set aside or correct judgment. D.E. 76.

### III. MOVANT'S ALLEGATIONS

Singh asserts the following grounds for relief, Counsel was ineffective before sentencing because he never visited Singh with a Punjabi translator to go over the PSR, never explained the operation of the sentencing guidelines to Singh, and never advised Singh of the possibility of safety valve. D.E. 76 at 3.

### IV. ANALYSIS

**A.   28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam).

**B.   Standard for Ineffective Assistance Claims**

Generally, an ineffective assistance claim presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance

4

was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001). To show that his attorney's performance at sentencing in a noncapital case was prejudicial under Strickland, the movant must demonstrate that counsel's error led to an increase in the length of his imprisonment. Glover v. United States, 531 U.S. 198, 203 (2001); United States v. Herrera, 412 F.3d 577, 581 (2005).[2]

If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

## C. Evidentiary Hearing

Singh's claim that he did not understand the PSR because it was not read to him in Punjabi is contradicted by Singh's sworn testimony at sentencing. However, as to Singh's claim that defense counsel did not explain the benefit and possibility of safety valve if Singh told the government all he knew before sentencing, the Court is aware that defense counsel

---

[2] The Fifth Circuit adopted the "any amount of jail time" test in United States v. Grammas, 376 F.3d 433, 439 (5th Cir. 2004). "This test originated from the Supreme Court's decision in Glover v. United States where the Court explained that any amount of additional jail time has significance under Strickland." Id. (internal citations omitted).

5

died before Singh filed his motion to vacate. Because defense counsel is not available to provide evidence to contradict Singh's testimony, the government agreed that, relief is appropriate and recommended that Singh be granted safety valve credit.

The parties agreed that sentencing take place during the hearing and that no further work by the Probation department was necessary. After considering the revised guidelines, of 97-121 months, including the credit for safety valve, the Court resentenced Singh to 101 months imprisonment. The Court did not change any other terms of his sentence.

## V. CONCLUSION

For the foregoing reasons, Mandeep Singh's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 76) is GRANTED. Singh's sentence (D.E. 54) is VACATED.

It is so ORDERED on the 7th day of January 2013.

_Hayden Head_
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE